UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
| | Bankruptcy No. AD03-2710ES and LA 03-28969ES | | |

Title     In Re: Imperial Credit Industries Inc.
              Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp.

Present: The Honorable    James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

    Michael Strub, Jr.                       Michael Bierman
    Alana Hoffman

**Proceedings:**    Defendant's Motion for Partial Summary Judgment on Counterclaim for Declaratory Relief (Fld 7-24-06)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendant/counter-claimant's motion and rules in accordance with the tentative ruling as follows:**

Defendant/Counter-claimant Federal Deposit Insurance Corporation ("FDIC") moves this Court for an order granting partial summary judgment and requests this Court determine what priority status it has in the Chapter 7 bankruptcy of Plaintiff/Counter-defendant Imperial Credit Industries, Inc. ("Imperial"). While the FDIC interprets the Bankruptcy Code to give it a priority status as an administrative creditor through the operation of 11 U.S.C. sections 365(o), 507(a)(1),[1] and 726(b), Edward M. Wolkowitz, Imperial's trustee ("trustee") asserts that the FDIC should have the status of a typical federally-insured creditor under 11 U.S.C. section 507(a)(9).

I.    BACKGROUND

In February 2002, the FDIC notified the Southern Pacific Bank ("SPB"), an operating subsidiary of Imperial, that it was undercapitalized under 12 U.S.C. section

---

[1] Section 507(a)(1) was renumbered 507(a)(2) in 2005, after the filing of this suit. The Court will therefore refer to the section as "section 507(a)(1)."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
|---|---|---|---|
| | Bankruptcy No. AD03-2710ES and LA 03-28969ES | | |

| Title | --In Re: Imperial Credit Industries Inc. |
|---|---|
| | Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp. |

1831o. (Statement of Genuine Issues ["SGI"]), ¶ 2.) In response, pursuant to the Prompt Corrective Action provisions of the Federal Deposit Insurance Act, SPB submitted a capital restoration plan to the FDIC in March 2002 and Imperial issued a Performance Guaranty for that specific plan on February 27, 2002. (Id., p 4.) In May 2002, the FDIC approved the capital restoration plan. (Id., ¶ 5.) On February 7, 2003, the California Department of Financial Institutions closed the SPB, which was an operating subsidiary of Imperial. (Id., ¶ 1.) SPB failed to meet the requirements of the capital restoration plan, and therefore, under the Performance Guaranty, Imperial had a deficit of $18,375,800.[2] (Id., ¶ 6.) On July 17, 2003, Imperial commenced a Chapter 11 liquidating bankruptcy case.

On October 3, 2003, Imperial commenced an adversary action against the FDIC, challenging the enforcement of the Performance Guaranty under 11 U.S.C. section 365(o) ("section 365(o)") by the FDIC against Imperial. In December 2004, the FDIC moved for an immediate cure under Section 365(n). On February 15, 2005, this Court ruled that before it could determine whether Imperial was required to immediately cure, it must have an opportunity to litigate its defenses against enforceability. On this basis, the FDIC moved for summary judgment on those five defenses, and seeking an immediate cure. On June 16, 2005, the Court granted the motion and entered judgment on July 7, 2005.

Under the partial judgment, Imperial was ordered to pay the FDIC $18,375,800 within thirty days of entry or to convert its Chapter 11 bankruptcy case to a case under Chapter 7. Pursuant to the judgment, "in the event that Imperial Credit files and serves a motion to convert this bankruptcy case to a case under Chapter 7 . . ., Imperial Credit shall be relieved of the requirement to make the payment [of $18,375,800] . . ., and its unsatisfied immediate cure obligation shall have the status and priority in the Chapter 7 case which it is accorded under applicable bankruptcy law."

On August 4, 2005, Imperial converted its case to Chapter Seven. On January 4, 2006, the FDIC filed a counterclaim for declaratory relief, seeking a determination of the

---

[2]This Court found this to be the case in a partial summary judgment ruling on July 15, 2005, which the trustee has appealed. The appeal is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
|---|---|---|---|
| | Bankruptcy No.AD03-2710ES and LA 03-28969ES | | |

Title     In Re: Imperial Credit Industries Inc.
          Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp.

priority to be accorded to Imperial's unsatisfied immediate cure obligation.

II.  DISCUSSION

The FDIC argues that the cure obligation should be afforded the priority status as an administrative claim under 11 U.S.C. section 507(a)(1) ("section 507(a)(1)") because obligations which are executory at the time bankruptcy is filed are payable as administrative expenses when assumed. According to the FDIC, because section 365(o) prevents a trustee from rejecting an executory contract with respect to a federally-insured depository institution and operates as a matter law and attaches immediately, the obligation is administrative and does not lose this status upon conversion to a Chapter 7 bankruptcy. Finally, the FDIC asserts that 11 U.S.C. section 507(a)(9) ("section 507(a)(9)"), which applies to unsecured claims based upon a commitment to federal depository institution to maintain capital, should not apply to the immediate cure obligation both because the obligation arose before bankruptcy was filed and because the legislative history of section 365(o) and section 507(a)(9) support its non-applicability.

The trustee, on the other hand, urges this Court to apply the plain meaning method of statutory interpretation and apply section 507(a)(9) because the obligation presented here is a commitment to maintain capital. According to the trustee, to allow a supermajority to claims that arise under section 365(o) would render section 507(a)(9) a nullity. Finally, the trustee asserts that public policy actually favors its interpretation of the relevant statutes.

As the Court interprets the issue presented here, the Court must first determine if the immediate cure obligation became an administrative claim upon conversion of the bankruptcy, and if so, whether it retains that priority or should be given the priority enumerated under section 507(a)(9). If the immediate cure obligation is not an administrative claim, then the Court must still determine which priority status it should be accorded.

        1.  Is the immediate cure obligation an administrative claim?

Pursuant to section 365(o), in the case of a Chapter 11 bankruptcy, the trustee

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-8627-JVS(ANx) <br> Bankruptcy No.AD03-2710ES and LA 03-28969ES | Date | September 25, 2006 |
|---|---|---|---|
| Title | In Re: Imperial Credit Industries Inc. <br> Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp. | | |

must

> immediately cure any deficit under, any commitment by the debtor to a Federal depository institutions regulatory agency (or predecessor to such agency) to maintain the capital of an insured deposition institution, and any claim for a subsequent breach of the obligations there under shall be entitled to priority under section 507.

"Obligations under contracts which are executory at the time bankruptcy is filed are payable as an administrative expense priority when the executory contract has been assumed properly by the bankrupt." In re Coast Trading Co., 744 F.2d 686, 692 (9th Cir. 1984). An executory contract, under the Bankruptcy Act, is one where the obligations of both the debtor and the other party to the contract are not fully performed at the time of filing for bankruptcy "that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Id. (internal citations omitted). When the debtor assumes and subsequently rejects an executory contract, the liabilities that flow from the rejection are given an administrative priority. In re Frontier Properties, 979 F.2d 1358, 1367 (9th cir. 1992).

According to the trustee, bankruptcy law accords this priority status to encourage people to transact business with the estate – and because Imperial did not choose to assume the guaranty and did not subsequently reject the guaranty but rather converted to Chapter 7, these policies are not implicated here. The FDIC, on the other hand, asserts that the immediate cure obligation of section 365(o) should be treated as any other executory contract assumed at the time of bankruptcy.

The Court agrees with the FDIC and finds that Imperial's immediate cure obligation has the status of an administrative priority. First, the Court notes that Imperial assumed the obligation under the guaranty upon filing for bankruptcy. It is of no matter whether Imperial chose to assume the obligation or was required to under section 365(o). The relevant factor is that Imperial did assume the obligation – and such obligations are subject to immediate cure under section 365(o). Moreover, the Court does not consider it relevant that Imperial converted the bankruptcy to Chapter 7 as opposed to rejecting an executory contract. The point is that Imperial did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
|---|---|---|---|
| | Bankruptcy No.AD03-2710ES and LA 03-28969ES | | |
| Title | In Re: Imperial Credit Industries Inc. | | |
| | Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp. | | |

perform its obligation. Like any other cure obligation owed under an executory contract, this cure obligation should have the status as an administrative obligation. In other words, the Court sees no reason why the immediate cure obligation under section 365(o) should be treated any differently in terms of its priority than cure obligations under section 365 in general.[3]

For this reason, the Court finds that once the cure obligation was breached, it became an administrative expense, and therefore had priority under section 507(a)(1).

> 2. <u>Does the administrative priority status hold upon conversion to Chapter 7?</u>

As the FDIC notes, the priority scheme for distributions in a Chapter 7 case is enumerated under 11 U.S.C. § 726, which states that

> Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.

11 U.S.C. § 726(b). Because the cure obligation was administrative under section 507(a)(1) while in Chapter 11, this status should hold upon conversion to Chapter 7.

---

[3]For example, under section 365, "if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee— (A) cures, or provides adequate assurance that the trustee will promptly cure, such default[.]" 11 U.S.C. § 365(b)(1)(A). If such obligations become administrative expenses under <u>Coast Trading</u> and <u>Frontier Properties</u>, the Court sees no reason why the cure obligations to a federal depository institution should not as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
| | Bankruptcy No. AD03-2710ES and LA 03-28969ES | | |
| Title | In Re: Imperial Credit Industries Inc. | | |
| | Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp. | | |

See Klein Sleep Products, Inc. v. Costich, 78 F.3d 18, 23-28 (2d Cir. 1996) (where a Chapter 11 debtor assumed a lease and then converted to Chapter 7, the debtor remained obligated under the lease and the obligation remained an administrative expense). In other words, just because section 365(o) sets up an obligation under Chapter 11 does not mean that the obligation ceases to exist upon conversion to Chapter 7.[4] Accordingly, the Court holds that the cure obligation remains an administrative expense and subject to priority under section 507(a)(1).

### 3. Policy Considerations

The Court finds that this interpretation of the interplay between sections 365(o) and 507(a) is supported by the legislative history and policy goals of the Bankruptcy Code. Section 365(o) was enacted as part of the Comprehensive Thrift and Bank Fraud Prosecution and Taxpayer Recovery Act of 1990, which amended the Bankruptcy Code to prevent companies like Imperial from filing for bankruptcy to avoid commitments to federal depository institutions. H.R. Rep. No. 101-681(I) § 2123 (1990); In re Firstcorp, Inc., 973 F.2d 243, 248 (4th Cir. 1992). While it is true that section 365(o) only applies in Chapter 11 bankruptcies, to allow a holding company to avoid the obligation of immediate cure by conversion to Chapter 7 would contravene the purpose of section 365(o). To apply the priority of section 507(a)(9) would deprive the federal depository institution the protection of section 365(o), and in fact would result in other administrative expenses, and indeed other federal depository institution commitments arising under Chapter 7, to be paid ahead of an obligation which was at one point subject to immediate cure.

The trustee argues that the imposition of the priority status of administrative expense would render section 507(a)(9) a nullity.[5] The Court does not agree. As the

---

[4] Moreover, section 365(o), by the language of the statute, applies whether the Chapter 11 bankruptcy was a reorganization or a liquidation.

[5] The trustee relies on Franklin Savings Corp. v. Office of Thrift Supervision, 303 B.R. 488 (D. Kan. 2004). There, the Office of Thrift Supervision ("OTS") filed a claim against Franklin Savings Corporation ("FSC") for breach of a capital maintenance commitment. The OTS argued that its claim was entitled to priority under section 365(o) over the administrative fee and expense claims of FSC's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
|---|---|---|---|
| | Bankruptcy No.AD03-2710ES and LA 03-28969ES | | |

| Title | In Re: Imperial Credit Industries Inc. |
|---|---|
| | Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp. |

<u>Firstcorp</u> court noted, section 365(o) actually addresses two types of obligations to a federal depository institution: (1) obligations arising from an assumption of a commitment that arose at the time that bankruptcy was filed, and (2) an obligation that arose from a breach occurring after filing for bankruptcy. <u>Id</u>. In interpreting the language of section 365(o), the court held that the former is subject to the immediate cure obligation and the latter is subject to the priorities set out in section 507. <u>Id</u>. Although the trustee asserts that the FDIC would never conduct business with a holding company already in bankruptcy and therefore section 507(a)(9) would never be applied, the Court notes that in fact the FDIC may do so if, for example, the holding company received new investments or funding. Moreover, section 507(a)(9) still has application where the initial filing for bankruptcy is as a Chapter 7 bankruptcy.

As the trustee notes, both section 365(o) and section 507(a)(9) were enacted as part of the same legislation. The trustee argues that "to assume that Congress intended, through the operation of section 365(o), to create a broad exception to the 507(a)(9) priority in those cases that were initially filed in Chapter 11, but failed to express that intention, is contrary to fundamental principles of statutory interpretation." (Opp'n, p. 7.) The Court does not agree. Rather, it is equally possible that Congress did not explicitly delineate such an exception because Congress did not believe it needed to. Congress was clear in stating the policy goal behind the enactment of section 365(o) – which was to protect the federal depository institutions from being left holding the bag. If a commitment that arose under Chapter 11 could be relegated to the priority of section 507(a)(9) by conversion to Chapter 7, then the federal depository institutions would cease to have that protection. The Court does not believe that Congress intended such a consequence.

---

counsel. <u>Id</u>. at 502. The court held the claim invalid for other reasons, but also concluded that even if valid, the "OTS's claim is not entitled to priority over the other administrative and expense claims of FSC's bankruptcy counsel, which are given first priority under § 507(a)(1)." <u>Id</u>. at 503. The Court does not consider its holding to be contrary to the <u>Franklin Savings</u> holding. There, the OTS sought superpriority and the court denied the request. Here, the FDIC does not seek superpriority but rather equal priority to other administrative expenses. The <u>Franklin Savings</u> court did not address what priority status the claim should have, but limited its conclusion to the finding that the claim was not a superpriority. Accordingly, this Court's determination does not contradict that holding.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 03-8627-JVS(ANx) | Date | September 25, 2006 |
|---|---|---|---|
| | Bankruptcy No. AD03-2710ES and LA 03-28969ES | | |

Title     In Re: Imperial Credit Industries Inc.
            Imperial Credit Industries Inc. v. Federal Deposit Insurance Corp.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the FDIC's motion for summary judgment and finds that the cure obligation is subject to the priority of administrative expenses under section 507(a)(1).

: 25

Initials of Preparer